# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. DAVID ARTHUR BOLLAND, Defendant. | Case No. CR13-3015 ORDER FOR PRETRIAL DETENTION |

On the 9th day of May, 2013, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney John H. Lammers. The Defendant appeared personally and was represented by his attorney, Jill M. Johnston.

## I. RELEVANT FACTS AND PROCEEDINGS

On April 18, 2013, Defendant David Arthur Bolland was charged by Indictment (docket number 1) with conspiracy to distribute methamphetamine. At the arraignment on May 7, 2013, Defendant entered a plea of not guilty and trial was scheduled before Chief Judge Linda R. Reade on July 8, 2013.

At the hearing, Cerro Gordo County Deputy Sheriff Frank J. Hodak testified regarding the circumstances underlying the instant charges.[1] According to Hodak, law enforcement received information from multiple sources regarding Defendant selling methamphetamine, marijuana, and pills in the Mason City, Iowa, area. One day, Hodak followed Defendant and observed him make numerous stops that appeared to be drug transactions.

---

[1] Hodak is currently assigned to the North Central Iowa Narcotics Task Force.

On or about October 29, 2012, law enforcement set up a controlled drug transaction with a target, who was not Defendant. A confidential informant ("CI") met with the target to purchase hydrocodone pills, but the target stated that he needed to get the pills from his source. The CI and target drove to Defendant's residence. They parked about 1.5 blocks from Defendant's residence, and the target exited the vehicle, walked to Defendant's residence, entered the residence, and returned to the vehicle approximately 5 minutes later with the pills. Deputy Hodak testified that law enforcement surveilling the controlled drug transaction saw Defendant let the target into his residence.

Law enforcement obtained a search warrant for Defendant's residence. However, before executing the warrant, Defendant moved to a different residence. Law enforcement obtained a second search warrant for Defendant's new residence. Officers observed Defendant leave his residence, followed him, and eventually conducted a traffic stop before executing the search warrant at his residence. At the traffic stop, Defendant was found with marijuana and a baton on his person. At his residence, officers found drug paraphernalia, drug packaging with methamphetamine residue, and two firearms, a handgun and a shotgun.[2]

Following the execution of the search warrant, Defendant was arrested, *Mirandized*, and interviewed. He admitted selling drugs, mainly marijuana, but also methamphetamine to support himself. He also admitted knowing the firearms were in his residence and touching them, but denied that they belonged to him. Additionally, Defendant stated that he traded guns for methamphetamine. His cell phone had a picture of the handgun found in his residence, and Defendant admitted that he was trying to sell the gun.

Law enforcement looked for Defendant for 4-5 days when attempting to arrest him on the federal warrant. On the date of his arrest, Deputy Hodak saw Defendant leaning on a vehicle. Hodak blocked the front of the vehicle and yelled at Defendant, but he took

---

[2] Numerous sources told law enforcement that Defendant carried a weapon when he conducted drug transactions.

2

off and ran inside a nearby house. Hodak called for back-up, and as multiple police cars arrived, Defendant came out of the house and surrendered himself to law enforcement.

According to the pretrial services report, Defendant is 33 years old. He was born in Galveston, Texas, but was raised in Willmar, Minnesota. In 1999, Defendant relocated to Mason City, Iowa. Defendant married Cassidy Hanig in 2008, but they separated in February 2012. They have three children together. The children reside with their mother in Des Moines, Iowa. Defendant has three additional children who live with Defendant's father and his wife in Minnesota. Defendant told the pretrial services officer that if released, he would reside with Breanne Marsh in Nora Springs, Iowa. However, Defendant did not know Ms. Marsh's address, and Ms. Marsh told the pretrial services officer that she would have to discuss Defendant's "situation" with him before allowing him to stay with her again.[3]

Defendant is currently unemployed. He last worked for a snow removal business in Clear Lake, Iowa, between January 2013 and March 2013. Until June 2012, Defendant had been employed for nine years as a kitchen manager at LD's Filling Station Bar in Mason City. Defendant is in good physical health. He reports no history of mental or emotional health problems. Defendant told the pretrial services officer that he started smoking marijuana when he was 15 years old. He stated that he had been using it on a daily basis for the past two years. His last use was in the middle of April 2013.

Turning to his criminal record, Defendant was adjudicated delinquent in 1996 and 1997 for first degree burglary and theft by shoplifting. On April 3, 1999, at age 18, Defendant was charged and later convicted of first degree damage to property. He was placed on 5 years probation. His probation was revoked twice and he was sentenced to jail time in both instances.

---

[3] Marsh told the pretrial services officer that Defendant had been staying at her residence for the past month.

On January 12, 2001, while on probation, Defendant was charged and later convicted of fifth degree theft. On March 10, 2001, while on probation and while the theft charge remained pending, Defendant was charged and later convicted of under age possession of alcohol.

On July 7, 2005, Defendant was charged and later convicted of fourth degree criminal mischief and reckless use of fire/explosives. Defendant was given a suspended jail sentence and 1 year probation. In April 2006, his probation was revoked and he was placed in jail. On March 20, 2006, Defendant was charged and later convicted of conspiracy to manufacture/deliver cocaine. Defendant was given a 10-year suspended prison sentence, 3 years probation, and 180 days in a residential facility. In January 2008, Defendant was found in contempt for testing positive for marijuana use.

On December 11, 2007, while on probation, Defendant was charged and later convicted of possession of drug paraphernalia. On January 28, 2013, Defendant was charged and later convicted of fifth degree theft. On the same date, Defendant was charged in a separate instance with carrying weapons and possession of a controlled substance. Trial is scheduled in state court on July 9, 2013.

## II. DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

### A. Legal Standard to be Applied

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). The Court must first determine by a preponderance of the evidence that the case involves an offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk

4

factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines, pursuant to § 3142(e), whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

Regarding the first step, pretrial detention is not authorized unless the Court finds that at least one of seven enumerated circumstances is applicable. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, offenses punishable by life imprisonment, serious drug offenses, felonies committed by repeat offenders, and felonies involving minor victims or guns. 18 U.S.C. § 3142(f)(1)(A-E). The last two enumerated circumstances where a hearing is authorized involve "risk factors," such as a serious risk of flight, or a serious risk the defendant will obstruct justice. 18 U.S.C. § 3142(f)(2)(A-B).

Regarding the second step, if following a hearing "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985).

In determining whether any condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of

residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

The Government has the burden of proof in this regard. It is aided in certain cases, however, by a rebuttable presumption found at 18 U.S.C. § 3142(e). For example, if the Court finds there is probable cause to believe that the person committed a drug offense for which a maximum term of imprisonment of ten years or more is applicable, or possessed a firearm in furtherance of a drug trafficking crime, or committed certain specified offenses involving a minor victim, then there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. 18 U.S.C. § 3142(e)(A)(B) and (E). In a "presumption case," the defendant bears a limited burden of production – not a burden of persuasion – to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight. *Abad*, 350 F.3d at 797 (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Once the defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the court. *Id. See also United States v. Jessup*, 757 F.2d 378, 382-84 (1st Cir. 1985).

### B. Analysis

Turning to the facts in the instant action, Defendant is charged with conspiracy to distribute methamphetamine. Accordingly, regarding the first step in the analysis, the Court finds that detention is authorized pursuant to § 3142(f)(1)(C).

Regarding the second step, there is a rebuttable presumption in favor of detention. The weight of the evidence against Defendant appears to be strong. Numerous sources

will testify that Defendant was involved in the distribution of drugs, including methamphetamine. Moreover, Defendant admitted to law enforcement that he sold drugs, including methamphetamine, to support himself.

As a general proposition, the distribution of drugs constitutes a general danger to the community. Numerous sources allege that Defendant carries a weapon when he sells drugs. Defendant was in possession of two firearms when his residence was searched. At the time of his arrest, Defendant did not immediately surrender to law enforcement; instead, he ran into a nearby house. Defendant lacks a stable residence. Defendant's wife and three children live in Des Moines. Defendant has three additional children who live in Minnesota. He is currently unemployed. He is an active drug user, admitting to smoking marijuana on a daily basis. He has had his probation revoked three times and been found in contempt for violating his probation. If convicted, Defendant faces a mandatory minimum 10-year prison sentence. This is a factor regarding the likelihood he will appear. Based on the serious nature of the offense, all of the facts and circumstances, and the rebuttable presumption, the Court finds that there is no condition or combination of conditions that will reasonably assure the safety of the community or Defendant's appearance for court proceedings. Therefore, the Court finds that Defendant should be detained pending trial.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. The Court further finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

## III. ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (May 7, 2013) to the filing of this Ruling (May 9, 2013) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(D).

DATED this 9th day of May, 2013.

JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA